KEMP-PONTIAC-CADILLAC, INC. ET AL. *v.*
S & M CONSTRUCTION CO., INC.

[No. 56, September Term, 1976.]

*Decided November 5, 1976.*

The cause was argued before MOYLAN, MOORE and MASON, JJ.

*Michael Lee Calvete,* with whom were *Robert F. Wood, P.C., H. David Gann* and *Azrael & Gann* on the brief, for appellants.

*Samuel Gordon,* with whom was *Robert H. Haslinger* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

The appellee, S & M Construction Co., Inc. (S & M), instituted suit against the appellant, Kemp-Pontiac-Cadillac, Inc., upon the corporation's confessed judgment note. Prior to trial, with leave of court, an "Amended Narr" was filed in which the corporate appellant's president, William G. Kemp, was also named a party defendant. The latter's individual liability was based upon alleged fraud in providing a false financial statement

which induced S & M to make the loan for which the confessed judgment note was received. Judgment in the amount of $66,500 was entered below against both defendants after a nonjury trial (Shure, C. J., presiding). This appeal seeks to challenge only the judgment against Mr. Kemp, and is based upon a single contention — that upon the evidence adduced, the lender (appellee) could not have relied upon the financial statement which was admittedly false.[1]

Appellants are met, however, with a motion to dismiss the appeal, contained in the appellee's brief, on grounds of noncompliance with Maryland Rule 1028 (Printed Record Extract in Civil Cases). For the reasons stated, we exercise our discretion to grant the motion.

I

*Record Extract — Applicable Maryland Rules*

The Maryland Rules pertaining to appeals to this Court (Rules 1000-1099)[2] include provisions for dismissal (a) by the court on its own motion and (b) by the court on motion of any party upon any one of eight grounds specified in Rule 1035, § b. These grounds include:

> "5. The contents of the printed record extract do not comply with section b. of Rule 1028 (Printed Record Extract in Civil Cases).
>
> * * *
>
> 7. The style, contents, size, format legibility or method of reproduction of a brief, appendix or printed record extract does not comply with section a. of Rule 1031 (Style and Contents of Brief)."

A record extract is not required in criminal cases and was not required in civil cases in appeals to this Court until July

---

1. The corporate financial statement included 1.6 acres of commercial property in Connecticut. This was, however, in the personal ownership of William G. Kemp and was not the property of Kemp-Pontiac-Cadillac, Inc. The asset value ascribed to it was $49,000.

2. Appeals to the Court of Appeals are governed by Rules 800-899 and are practically identical.

1, 1975, the effective date of Rule 1028. This rule is at once precise and comprehensive as to the form and content of the printed extract, the procedure to be followed by the parties in its preparation, and the penalties for its violation — including dismissal of the appeal, § i.[3] The following specifications as to *form* are mandated in § a:

1) The appellant shall print the record extract either as an appendix to his brief or as a separate volume. (If printed as a separate volume, Rule 1028, § h requires that it be printed in "clear, legible type and on good paper," 8½ x 11 inches, 30 copies to be filed with the clerk at the time the appellant's brief is filed.) If printed as an appendix, the brief should have the inscription, "Appellant's Brief and Appendix."

2) The portions printed shall be arranged in the order in which they appear in the record and shall be copied verbatim.

3) Asterisks or other appropriate devices shall be used to indicate omissions in testimony or exhibits.

4) Reference to the pages of the record and transcript shall be made and the date of filing each paper printed shall be given "at the head of the copy."

5) Whether the extract is printed as an appendix to the brief or bound separately, there must be a Table of Contents (as provided in Rule 1031, Style and Contents of Brief) giving references to:

    a. The initial pages on direct, cross and redirect examination of each witness, and

---

**3.** As Judge Prescott, later Chief Judge, said of counterpart Rule 828 in McIntyre v. Byrne, 217 Md. 71, 74, 141 A. 2d 692 (1958): "The Rule is clear, definite and certain; there is little excuse for having an attorney's compliance therewith questioned, much less to have it closely challenged. The substantial rights of litigants to have judgments and decrees reviewed upon appeal should not be jeopardized by the possibility of failing to comply, or reluctance to comply, with a Rule so easy to follow."

b. the initial page of each pleading, exhibit or other paper printed, each document to be identified by a descriptive phrase and also, if an exhibit, by its exhibit number.

6) The pages of the transcript, as reproduced, shall be consecutively renumbered.

7) Any photograph, document or other paper shall be included in *all* copies of the appendix or printed record extract but may be photographically or mechanically reduced so long as legibility is not impaired.

(8) The size, style, format and binding of the appendix or printed record extract shall be the same as those prescribed for a brief by Rule 1031, § a.

Similarly, Rule 1028, § b. dictates the *content* of printed record extract. It must contain "such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal." Specifically it *shall* include:

"(a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court.

(c) Such other parts of the record as may be designated by the parties pursuant to section c. of this Rule."

[By a separate subsection, Rule 1028, § g., provision is made for an agreed statement of undisputed facts which may be included in the printed extract as all or a part of the statement of facts in the appellant's brief. If the facts are disputed, or if agreement upon a statement of undisputed

facts is not possible, the parties may by stipulation summarize the testimony of any witnesses or the contents of any exhibits. Such stipulation may be included in the printed extract "in lieu of the testimony and exhibits summarized therein."]

That there shall be *early* communication between appellant's counsel and counsel for the appellee in the designation of the parts of the record to be printed, is also clearly mandated. Thus Rule 1028, § c. 1. provides that the parties shall by stipulation agree on the parts of the record to be included, "whenever possible." This provision imposes on appellant's counsel the obligation in the first instance to contact appellee's counsel in order to achieve agreement.[4] If after this undertaking by appellant the parties are unable to agree, the following procedural steps are prescribed by Rule 1028, § c. 2:

(a) Appellant is *required* within 10 days after filing the record in this Court, to deliver to appellee a written statement of the parts of the record he proposes to print.

(b) Appellee is *required*, within 10 days after that, to deliver to appellant a written statement of any additional parts of the record the appellee desires to be included.

(c) Within 10 days thereafter, appellant may deliver to appellee a statement of any additional parts of the record he proposes to include in view of the parts designated by the appellee.

As a curb upon excessive or improper record designations by the appellee, the Rule also provides that appellant may, upon 2 days' notice, require the appellee to secure the payment of the estimated cost of printing such portions of the record designated by appellee as appellant deems *not* material to the questions presented. Rule 1028, § d. On the

---

4. Another important obligation *first* to be discharged by appellant is to order, in writing, from the court stenographer, a transcript of the testimony, within 10 days after filing the order for appeal. Rule 1026, § a. 2.

other hand, if appellee fails to secure the aforesaid payment or if, *for any reason*, the printed record extract does not contain a part of the record deemed material by the appellee, the latter may print such portions as an appendix to his brief. Rule 1028, § e. A statement of the reasons for printing such material must, however, be made and parties and counsel are expressly cautioned that the cost of printing "may be withheld or divided" under Rule 1082, § c. (Awarding of Costs). Finally, appellant may include in an appendix to his *reply* brief such additional part of the record as he deems material in view of the "matter contained in the appellee's brief or appendix." Rule 1028, § f. In this instance also, a statement of the reasons for its inclusion must be made and the parties and counsel are cautioned that the cost of printing it may be withheld or divided.

Severe sanctions for violations of Rule 1028, § a. (Appellant to Print) and § b. (Contents) are provided by Rule 1028, § i. With respect to both, the prescribed penalties include dismissal of the appeal. For a violation of § a., the court may make "any other appropriate order" including an order for the reprinting of an improperly printed appendix or printed extract, at the expense of counsel responsible for the violation. For a violation of § b., in addition to dismissal, the court may require that additional portions of the record be printed or otherwise furnished or make "any other appropriate order."

These rules are to promote the orderly and effective administration of justice. They are to be read and carefully followed by appellate counsel. Whether to dismiss the appeal or not in the event of violation of the above rules, rests in the discretion of this Court. As previously indicated, the court may act *sua sponte* or upon motion of any party. As provided in Rule 1036, a motion to dismiss an appeal may either be filed separately or in appellee's brief. (Oral argument on a motion to dismiss in advance of argument on the merits is not permitted unless directed by order of this Court, Rule 1037, § c.) If the motion is filed separately, time limitations are prescribed. Thus, on the grounds relied upon in the instant case, had appellee's motion been separately

filed, the time limitation would have been 10 days from the filing of appellant's brief and appendix. Rule 1036, § c.[5] This limitation is, of course, inapplicable if, as in the present case, the motion to dismiss is included in the appellee's brief. In this respect, Rule 1036, § d. provides:

> "A motion to dismiss may be included in the appellee's brief. In such event the argument in support of the motion shall also be included in the appellee's brief, *and the appellant may in a reply brief include his argument in opposition to such motion.*" (Emphasis added.)

## II

### *Appellants' Violations*

We are confronted here with numerous, serious violations of the Rules above summarized:

(1) Appellants failed to seek from appellee a stipulation as to parts of the record to be included;

(2) At no time did they deliver to appellee a written statement of the parts of the record proposed to be printed;

(3) In the appendix to their brief they failed to include (a) the judgment appealed from, (b) the opinion of the lower court, and (c) sufficient portions of the transcript of the testimony to assist the court in an understanding of the issues;

(4) The table of contents merely lists "pages of transcript" without any designation of the witnesses who testified, and lists exhibits by number without any description of the exhibits themselves;

(5) With respect to such portions of the transcript as were printed, the name of the witness in one instance is omitted, the pages of the

---

5. The amendments to Rule 1036, effective January 1, 1976, omit any reference to § 5 of Rule 1035 b. This inadvertence has been corrected, effective January 1, 1977. 3:20 Md. R. 1127 (Sept. 29, 1976).

transcript were not renumbered as required nor were asterisks nor any other appropriate means employed to indicate omissions in the testimony;

(6) Perhaps the most egregious omission was appellants' failure to print page 193 of the transcript, skipping from page 192 to page 194, without designating the omission in any way and withholding from the court the testimony of the vice president of the appellee that it was *not* his intention to discount the note of the corporate appellant with the Madison National Bank of Washington. The significance and seriousness of this omission becomes painfully apparent in the light of appellants' claim that the false financial statement was not relied upon in connection with the sale of equipment to the appellant corporation, but was requested only for the purpose of discounting the note at the bank after the consummation of the transaction.

### III

### *Decisional Law*

Cases considered by the Court of Appeals and by this Court relating to record deficiencies generally fall into three categories. The first involves complete omissions of material from the record extract. *See Caroline v. Reicher*, 269 Md. 125, 304 A. 2d 831 (1973) where a motion for a directed verdict and the Court's ruling thereon were not printed. Refusing to pass upon the issue of whether or not error had been committed in the direction of the verdict and in reliance upon Maryland Rule 828 b. 1. (the language of which is identical to Rule 1028 b. 1.), Judge Digges stated:

"The cases are legion in this Court in support of our authority not to decide issues not presented in conformity with this rule." 269 Md. at 137.

*See also Seek v. Winters*, 270 Md. 715, 313 A. 2d 453 (1974); *A. S. Abell Co. v. Skeen*, 265 Md. 53, 288 A. 2d 596 (1972).

The second category represents cases where improper

supplementation of the record has been attempted by the inclusion of material not admitted in the proceedings below. *Community Realty Co. v. Siskos*, 31 Md. App. 99, 354 A. 2d 181 (1976); *Conrad v. Department of Natural Resources*, 30 Md. App. 479, 352 A. 2d 904 (1976); *Prince George's County v. Fahey*, 28 Md. App. 312, 345 A. 2d 102 (1975). As Chief Judge Gilbert pointed out in *Siskos, supra*, 31 Md. App. at 102, the word "record" as employed in Rule 1028 means "the entire file, including pleadings, transcript, judgment appealed, the opinion of the trial judge or the jury charge, if there be a jury, and other allied paper writings." The parties are not permitted to supplement the record by inserting any other matter into their record extract.

The third, and perhaps most common occurrence, is the situation presented here — where appellant fails to include material portions of the record, including the opinion of the lower court, and makes material omissions; but where the appellee has included the omitted portions in his own appendix and includes in his brief a motion to dismiss. *See Farmer v. Jamieson*, 31 Md. App. 37, 354 A. 2d 225 (1976); *Williams v. Johnson*, 261 Md. 463, 276 A. 2d 95 (1971); *Bornstein v. State Tax Commission*, 227 Md. 331, 176 A. 2d 859 (1962); *Brown v. Fraley*, 222 Md. 480, 161 A. 2d 128 (1960); *Thanos v. Mitchell*, 220 Md. 389, 152 A. 2d 833 (1959); *Standard American Homes, Inc. v. Pasadena Building Co.*, 218 Md. 619, 147 A. 2d 729 (1959); *Maryland Lumber Co. v. White*, 205 Md. 180, 107 A. 2d 73 (1954).

In the decisions of the Court of Appeals and of this Court, above cited, it is well settled that the decision to grant or deny a motion to dismiss is discretionary with the appellate court. Furthermore, if the appellee elects to supply in his record extract the material omitted by the appellant, instead of exercising the option of filing a motion to dismiss and requesting that the time for filing his brief be extended, the appellate court would not ordinarily dismiss the appeal, in the absence of prejudice to appellee or a deliberate violation of the Rule. It would instead impose the cost of printing the omitted material on the appellant, regardless of the outcome of the case. *Farmer v. Jamieson, supra*, 31 Md. App. at 47; *Bornstein v. State Tax Commission, supra*, 227 Md. at 335.

In *Bornstein*, however, the Court of Appeals made it plain that more drastic action might be taken, "if the omissions on the part of the appellant were deliberate and intended to violate or evade the rule, even where the material is supplied." There, the Court, in an opinion by Judge Henderson, went on to point out that the material omitted by the appellants from their record extract, but supplied by the appellee, was reasonably necessary for the determination of at least some of the questions presented. Finding that the case was one in which dismissal of the appeal would be warranted, the Court added, 227 Md. at 336-37:

> "The matter is one within the discretion of the Court. In this instance we think that the case may better serve as a warning than as an example, and have therefore decided not to dismiss the appeal. . . . Yet we think we should make it clear that we propose to deal summarily hereafter with cases where the record extract is so inadequate or so slanted in favor of the appellants' contentions as to be seriously misleading."

The instant case is one which, in our judgment, should serve as an example rather than as a warning. The violations of Rule 1028, previously recounted, were numerous and serious. In particular, the omission of a critical portion of a principal witness' testimony could not, as we have stated, be viewed as accidental. We grant the motion to dismiss.

We also observe, for such solace as it may afford appellants' counsel,[6] that his contention that the evidence did not show reliance upon the false financial statement (the sole contention made on appeal) would be unavailing. The

---

6. Appellants were represented by out-of-state counsel in the proceedings below and at oral argument in this Court. The appearance of Maryland counsel was also entered on their behalf. There appears, however, to have been no participation by Maryland counsel in the appellate process except for receipt of notices. We question the advisability, from a professional viewpoint, of local counsel's limited association with the case in this Court.

trial court made a clear finding that the appellee had relied upon the financial statement and we could not say that this ruling was clearly erroneous, if indeed it was erroneous at all. Maryland Rule 1086.

*Appeal dismissed; appellants to pay the costs.*