## WESTON INTERNATIONAL CORPORATION T/A WESTON LEASING COMPANY *v.* WOODLAWN SUPERMARKETS, INC. T/A FOOD-A-RAMA

[No. 365, September Term, 1979.]

*Decided December 11, 1979.*

The cause was argued before GILBERT, C. J., and MOYLAN and MELVIN, JJ.

*Ronald P. Seres* for appellant.

*Gary I. Strausberg,* with whom were *Richard V. Falcon* and *Melnicove, Kaufman & Weiner* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Although the origin of contractual relationships is somewhat obscure,[1] no one can seriously doubt that in today's world a contract is to commerce what breath is to life — fundamental, without whose existence neither could long survive.

---

1. 2 Pollock and Maitland, *The History of English Law,* Ch. V (2d ed. 1905).

The instant appeal, arising from the Superior Court of Baltimore City (Hammerman, J.), involves an agreement that the appellant, Weston International Corporation, trading as Weston Leasing Company (Weston), views as a lease while the appellee, Woodlawn Supermarkets, Inc., trading as Food-A-Rama (Woodlawn), perceives it to be a contract of sale.

A jury decided that the "agreement" was in fact a contract of sale, and awarded compensatory damages to Woodlawn of \$7,718.82 and punitive damages in the amount of \$25,000.

After post-trial motions for a judgment *non obstante veredicto* or new trial were denied by the trial judge, Weston appealed to this Court. Here it raises hexad issues, three of which question evidentiary rulings by the trial judge, two involve the matter of punitive damages and one is directed at the judge's refusal to grant a requested jury instruction. Woodlawn has moved to dismiss the appeal on the ground that Weston has failed to follow the Maryland Rules of Procedure.

We shall deal with the latter motion inasmuch as it is dispositive of the appeal.

Woodlawn observes that Weston has made a number of errors with respect to its, Weston's, brief and record extract. Not all the alleged errors are of such magnitude as to require dismissal of Weston's appeal, but some do carry that sanction.

The appellee asserts, and we agree, that the appellant's record extract is deficient in the following respects:

1. The judgment appealed from is not within the extract. Md. Rule 1028 b 1(a).
2. Appropriate means of indicating omissions in the testimony are not used. Md. Rule 1028 a.
3. References to the printed extract are not properly designated. Md. Rule 1031 a.

Violations of Rule 1028 a and b permit this Court to dismiss, as is true also with respect to Rule 1031 a. If that were all there is to the appellee's motion to dismiss, we would be inclined to pass an appropriate order, short of dismissal, but

those violations pale into insignificance when the more serious breaches of the rules relative to extracts are concerned.

Appellee's (Plaintiff) exhibit 4, as presented into evidence clearly depicts the initials of "FS" to an interlineation on the contract of sale, or the lease, depending upon whether one is the appellant or the appellee. The initials are important because they stand for "Frank Sarro," a sales representative of the appellant, Weston, and support the position of Woodlawn. Appellant's reproduction of exhibit 4 in the record extract does not display these initials. Whether the omission or "cut off" of the initials was inadvertent or by design, we cannot say. Even then, we would be inclined to give the benefit of any doubt to appellant were it not for the fact that despite the appellee's express written request that three pages of testimony, *viz.,* 67, 84-85, be included in the extract together with the appellee-plaintiff's declaration and the appellant's plea thereto, the appellant either wilfully or negligently failed to place them in the extract.

As a direct result, the appellee was required to print those materials in his own appendix.

A series of cases from the Court of Appeals and this Court have consistently held that the Maryland Rules of Procedure are "precise rubrics that are to be read and followed." *Colonial Carpets v. Carpet Fair,* 36 Md. App. 583, 584, 374 A.2d 419, 421 (1977); *See also Robinson v. Board of County Commissioners,* 262 Md. 342, 278 A.2d 71 (1971); *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 270 A.2d 476 (1970); *Kemp-Pontiac-Cadillac v. S. & M. Construction Co.,* 33 Md. App. 516, 365 A.2d 1021 (1976); *Pride Mark Realty, Inc. v. Mullins,* 30 Md. App. 497, 352 A.2d 866 (1976).

It was held in *Kemp-Pontiac* that "if the appellee elects to supply in his record extract the material omitted by the appellant, instead of exercising the option of filing a motion to dismiss and requesting that the time for filing his brief be extended, *the appellate court would not ordinarily dismiss the appeal, in the absence of prejudice to appellee or a deliberate violation of the Rule.*" (Emphasis supplied.) 33 Md. App. at 524, 365 A.2d at 1026.

This, however, is not the ordinary case. The appellee specifically requested in writing that the appellant print in the record extract three pages of testimony that were favorable to the appellee, together with the declaration and plea. As we have previously stated, those requests were not honored. Md. Rule 1028 c. Under the circumstances, we conclude that the appellant's failure to include the requested items in the extract was a deliberate violation of the Rule, for which the sanction is dismissal of the appeal.

In passing we note that if the appeal were before us on its merits we would affirm the judgment of the Superior Court of Baltimore City.

*Appeal dismissed.*
*Costs to be paid by appellant.*