JANET LEE YELTON *v.* REXTER C. HIGGINS ET AL.

[No. 297, September Term, 1971.]

*Decided December 14, 1971.*

The cause was argued before ORTH, POWERS and GIL-BERT, JJ.

*J. Robert Johnson,* with whom was *T. Bryan McIntire* on the brief, for appellant.

*W. Kennedy Boone, III, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *W. Edward Plitt* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

Louie Dean Yelton (decedent) died on November 10, 1969, as a result of injuries received by being struck on the head by a falling tree limb. He left surviving him a widow and three minor children.

In due time, a claim was filed with the Workmen's Compensation Commission against the appellee, Rexter C. Higgins (Higgins), alleging that decedent's death arose from an accidental injury occasioned in the course of his employment by Higgins.

A number of issues were raised and decided by the Commission, but we are here concerned with the sole question of whether or not the decedent was a "casual employee" and thus excluded from the coverage afforded by the Workmen's Compensation Act.[1]

---

1. The applicable section of Article 101 in effect at the time of

The testimony is conflicting as to whether or not the decedent was regularly employed by appellee. The mother and the widow of the decedent both testified that the decedent worked for Higgins in the lumbering business, although Higgins said he did not. The mother stated that her son was regularly employed by Higgins commencing in October, 1969. She said that he helped Higgins by cutting down trees and working in the saw mill. The mother also testified that Higgins had told her that he paid her son $75.00 per week, and she actually saw him pay the decedent on one occasion. According to the decedent's mother, Higgins had paid her $30.00 for the work performed by the decedent for Higgins during the week that her son was injured. The injury occurred on Wednesday. Decedent's mother stated that she had called Higgins' place of business "maybe two or three times a week" in order to ascertain what time her son would be home from work.

The widow of the decedent testified that she was under the impression that her late husband worked for Higgins and that she had telephoned him at Higgins'. Higgins and an employee both denied that the decedent worked for Higgins. They stated that the decedent would show up at a job site on occasion to pick up some extra money or to work off his indebtedness to Higgins, which indebtedness arose because decedent occasionally borrowed small sums of money from Higgins. Higgins denied ever stating that he paid the decedent $75.00 a week, or that the $30.00 claimed by decedent's mother to be wages due up to the date of injury was anything more than a gift to the mother because the decedent had been given "her rent money" and that he, Higgins, felt sorry for her. He stated that he paid the decedent $50.00 to $100.00 during the year 1969, and that the decedent worked for him "maybe" four or five times during that year. Higgins said there were no set wages and that at times the de-

the accident and which exempted "casual employees" from the provisions of the Act was § 67 (3).

cedent had worked for a "six pack of beer." The testimony of Higgins did establish, however, that the decedent had worked for him approximately 7 hours the day before the accident. He explained the $75.00, about which decedent's mother had testified, as a loan to the decedent because decedent was going to lose his car.

Ordinarily whether or not a decedent is an employee can be determined by an examination of the payroll records of the employer. Unfortunately, in this case, Higgins kept no records and apparently paid his employees in cash.

The Commission weighed the conflicting testimony of the witnesses and found that the widow, who did not claim dependency, was in fact not dependent upon the decedent. It held, however, that the decedent was the employee of Higgins and that the three minor children were partially dependent upon the decedent. The Commission therefore ordered compensation in the amount of $3,000.-00 to be paid to each of the children at the rate of $15.00 per week. This amount was predicated on a finding of the partial dependency and an average weekly wage of $75.00.

Higgins promptly appealed to the Circuit Court for Carroll County. Subsequently he filed a suggestion for removal and the case was removed to Kent County for trial.

At the trial before the Circuit Court, the appellant submitted on the testimony before the Commission, but the appellee presented his testimony and that of his employee, Shaffer. The trial judge reversed the ruling of the Commission and said:

> "One who has the privilege of stopping by to work when he wants to work and is afforded that opportunity by an employer cannot be said to be an 'employee' within the meaning of the Workmen's Compensation Act.
>
> "Therefore, the action of the Workmen's Com-

pensation Commission must be reversed on the basis that it misconstrued the law."

In *Winters v. Payne,* 13 Md. App. 327, Judge Morton, speaking for this Court on the question of casual employees, said:

"* * *, the Court of Appeals over the years has of necessity articulated certain criteria, the absence of which or the presence of which, has been found by the Court to constitute relevant and meaningful factors in reaching a determination whether an individual is, in fact, a casual employee within the meaning of the Workmen's Compensation Act. A common thread, running throughout substantially all the cases, indicates that *a principal and compelling factor is the nature and scope of the employer's business and whether the services being rendered by the employee-claimant at the time of his injury were in furtherance of, central to and being performed within the ambit of the employer's regular business."* (Emphasis supplied).

The courts have generally considered it inadvisable to apply a general definition of the term "casual employment", preferring to decide each case upon its own particular facts. 99 CJS 285-86, Workmen's Compensation, § 69.

Decisions of the Workmen's Compensation Commission are *prima facie* correct and the burden of proving that they are incorrect rests upon the party attacking those decisions. *Thompson v. Paul C. Thompson & Sons,* 258 Md. 391, 394, 265 A. 2d 915 (1970); *Talley v. Dept. of Correction,* 230 Md. 22, 24, 185 A. 2d 352 (1962); *Zentz v. Peters & Taylor, Inc.,* 11 Md. App. 1, 272 A. 2d 43 (1971); *Uninsured Employers' Fund v. Merritt,* 13 Md. App. 73 (1971), 281 A. 2d 411 (1971); *Winters v. Payne, supra.*

"However, where the Commission considers

conflicting evidence as to essential facts and draws therefrom one of several different possible inferences, there may be imposed on the party attacking the Commission's decision 'merely a burden of persuasion, and not necessarily a burden of additional proof.' *Williams Construction Co., supra." Uninsured Employers' Fund v. Merritt, supra.*[2]

The trial judge was confronted with the same type of conflicting testimony as to the nature of the decedent's employment by Higgins, as was the Commission. Unlike the Commission, however, the trial court apparently believed the testimony of Higgins and reversed the Commission's finding on the basis that it had misconstrued the law. It has long been held that:

"Where the terms and manner of employment are disputed and different inferences may be drawn therefrom, the issue as to the relation that existed between the parties is a mixed question of law and fact, to be determined by the trier of the facts, under proper instructions, * * *, but where the essential terms and manner of employment are undisputed, the question is one of law for the Court." *Clayburn v. Soueid, Inc.*, 239 Md. 331 (1965).

See also *Uninsured Employers' Fund v. Merritt, supra,* and *Winters v. Payne, supra.*

The terms of employment in this case are in dispute and therefore their resolution is to be determined by the trier of the facts, viz., the Commission in the first instance and the trial court on appeal from the decision of the Commission.

"Unless we find on the record before us that the lower court was erroneous in its findings of

---

2. The Commission could have drawn inferences of regular employment, casual employment, or part-time employment, in the instant case.

facts and application of the relevant law, its holding must be affirmed." *Winters v. Payne, supra.*

The provisions of the Workmen's Compensation Act are to be construed liberally so as to effectuate its benevolent purpose. *Tavel v. Bechtel Corp.,* 242 Md. 299 (1966) ; *Mureddu v. Gentile,* 233 Md. 216 (1964) ; *Bayshore Industries, Inc. v. Ziats,* 232 Md. 167 (1963).

A number of cases have been decided by the Court of Appeals on the question of casual employment. In *State Accident Fund v. Jacobs,* 134 Md. 133 (1919), it was held that a person employed during a packing season to haul produce when and as needed, which was only occasionally, was not a casual employee. *Hygeia Ice & Coal Co. v. Schaeffer,* 152 Md. 231 (1927), held that an individual employed by an ice company to shingle part of a building and whose labors were performed under the direction of the ice company's general manager, with compensation to be determined by the number of squares he completed, was not as a matter of law a casual employee.

The Court of Appeals held in *Marvil v. Elliott,* 164 Md. 659 (1933), that as to a contractor who was engaged in moving a house and who arranged with a carpenter, who was working by the day for the owner of the house, to remove the eaves of the house for the contractor and which task would only require two or three hours to complete, the carpenter was a casual employee of the contractor and not entitled to compensation benefits for injuries occurring to him during the two or three hour period that he had arranged to work for the contractor. The Court said:

"\* \* \* The brief service he was undertaking to render for the contractor had no relation to any engagement between them in the past or future. It was limited to a particular occasion beginning and ending within a short portion of a single day. In view of its restrictive scope and

purpose, it must be regarded as casual within the meaning of the Maryland Statute."

It has also been held that a jockey engaged to ride a race horse in a single race was a casual employee. *Moore v. Clarke,* 171 Md. 39 (1936). A similar holding is found in *East v. Shelly,* 207 Md. 537 (1955).

In the recent case of *Lupton v. McDonald,* 241 Md. 446 (1966), McDonald engaged Milburn to cut trees and top them. Milburn hired Marks, a logger, to work for him for two weeks at $10.00 or $11.00 a day. Marks quit and Milburn hired Lupton to finish the job (approximately one day's work). Lupton was injured and filed a claim against McDonald. The Court of Appeals affirmed the holding of the trial court and the Commission that Lupton was a casual employee.

In *Winters, supra,* this Court affirmed a trial judge's ruling that a painter employed by a "part-time" home improvement contractor was not a casual employee even though the employer may have been a "casual employer." We said:

> "While it is true that the claimant's employment was for an indefinite duration and conceivably would have continued for no more than a few days or weeks, this, alone, does not compel a finding that the employment was casual. We think it clear that the employment of the claimant as a painter was within the scope of the employer's business and, at the time of the injury, his service was concomitant to and in furtherance of the employer's regular, although part-time, business."

In this case, it is patent that the essential terms and manner of employment are disputed so that a mixed question of law and fact is present. *Clayburn v. Soueid, Inc., supra; Uninsured Employers' Fund v. Merritt, supra; Winters v. Payne, supra.* Such a question is to be

determined by the trier of the facts and will not be disturbed on appeal unless clearly erroneous. Rule 1086.

Applying the mandate of the Court of Appeals that the Workmen's Compensation law is to be liberally construed, and the test of *Winters* to the instant case, we think the judge's conclusion that the Commission "must be reversed on the basis that it misconstrued the law" is incorrect. Assuming that the trial judge's finding of fact that the decedent had a right at the sufferance of Higgins to work for Higgins when he chose to do so, that employment was nevertheless in furtherance of Higgins' regular course of business, *Winters, supra,* and did not make decedent a "casual employee." The trial judge found that decedent would "stop by to work when he wanted to work" and concluded that the Commission had misconstrued the law. The mere fact that an employee, with the employer's approval, stops by to work when he wants to work does not as a matter of law make the employee a "casual employee" within the meaning of the Workmen's Compensation Act.

Whether an individual is a "casual employee" must of necessity turn on the facts and circumstances present in each particular case. No hard and fast rule can be promulgated. *Clayburn, supra; Winters, supra.*

> *Order vacated and case remanded for further consideration in light of the controlling law h e r e i n enunciated.*
> *Appellee to pay the costs.*