## COMMUNITY REALTY COMPANY, INC. ET AL.
## *v.* JOHN K. SISKOS ET AL.

[No. 806, September Term, 1975.]

*Decided April 1, 1976.*

The cause was argued before THOMPSON, GILBERT and MASON, JJ.

*William R. Levasseur* for appellants.

*Stephen B. Caplis,* with whom was *Peter G. Angelos* on the brief, for appellee John K. Siskos. *J. Kent Leonnig,*

*Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Albert A. Levin* and *H. George Meredith, Jr., Special Assistant Attorneys General* on the brief, for other appellee.

GILBERT, J., delivered the opinion of the Court.

This appeal arises from a Workmen's Compensation claim that had its origin when John K. Siskos, appellee, fell from a ladder. Siskos broke his right leg and otherwise injured himself. At the time of the injury, Siskos was employed by Community Realty Co., Inc., one of the appellants. American Insurance Company was the insurer of Community Realty, and, as such, is also an appellant.

From the record, we glean that the accident occurred on March 11, 1971. The Commission, in its award of compensation, May 18, 1973, found that Siskos had sustained a 35% loss of use of his right foot and 10% industrial loss of use of the body. Seemingly dissatisfied with the award by the Commission, Siskos appealed to the Superior Court of Baltimore City. On August 21, 1974, the appeal was dismissed by Siskos's attorney. According to the record, Siskos had filed a petition with the Commission to reopen the case in order that the Commission might " . . . determine increased disability." The appellants impleaded the Subsequent Injury Fund. The Fund raised seven issues, not here germane because the Fund was held by the Commission not to be ". . . involved in this case."

The petition to reopen the matter was heard before Commissioner Joseph I. Paper on November 15, 1974. The Commission, on January 29, 1975, found that Siskos had " . . . a permanent partial disability resulting in 65% loss of use of the right foot, . . . [including the] fore leg, and a permanent partial disability under 'Other Cases' amounting to 25% industrial loss of use of his body. . . ." The result, expressed in dollars and cents, was an increase of $8,296.01 over the original award.

Aggrieved by Commissioner Paper's decision, the appellants entered an appeal to the Superior Court of

Baltimore City.[1] The case was heard non-jury by Judge Solomon Liss, " . . . primarily on the record before the Commission together with argument of counsel." At the conclusion of the trial, Judge Liss stated:

> "Gentlemen, I would say, as I said before, I think this is the kind of case in which I am not convinced, on the basis of this record, that the Commissioner considered a portion of the injury which was not compensible as determined by [another] Commissioner . . . previously.
>
> From the records, I find it is quite possible for me to determine that he did not so consider it.
>
> Under those circumstances, the burden is on . . . [appellants] to convince me that it is not so, and I am just not convinced. I don't know.
>
> What is the old cliche, when your mind is in a state of equal balance? That is it."

Appellants then appealed to this Court where they present two issues for our review, *videlicet*:

> "I. On a reopening by claimant, is the Workmen's Compensation Commission precluded from awarding compensation to an area of the claimant's body which was specifically found by an earlier order not to be causally related to the accident, *i.e.* was the decision of the Commission in the first instance binding on the Commission on a later reopening as having the effect of res judicata?
>
> II. Did the Commission have sufficient evidence before it to modify and/or adjust a prior award and did the Commission exceed its powers and misconstrue the law and facts applicable thereto?"

On the basis of the record before us, question I and the second part of the compound sentence of question II are not

---

1. For reasons that escape us, the Fund, in its answer to the appellants' appeal to the Superior Court of Baltimore City, urged the court to reverse the Commission.

well taken, and for reasons hereafter explained we shall not consider them. We treat the first part of the compound sentence of question II as a challenge to the sufficiency of the evidence.

We do not render answers to the remaining issues presented because the appellants have grounded their appeal upon extraneous matters not included in the record. Appellants' assault upon the Commission's order, as affirmed by the trial court, injects into this case the issue of *res judicata* with respect to the findings of the Commission at the original hearing in May, 1973. To support their contention, appellants have printed as part of the record extract what purports to be the transcript, medical reports and findings of the Commission from the May, 1973, hearing. The difficulty is that there is nothing within the record that leads us to conclude that the proceedings of May, 1973, were ever before Judge Liss. The record in this case, as it reaches us, is confined to the events that occurred at the time of the hearing before the Commissioner on the petition to reopen, the paper writings relative to the appeal to the Superior Court of Baltimore City and a transcript of Judge Liss's oral opinion.

Patently, if the matter was not before the trial court, it may not be considered by us. We are compelled to ignore that portion of the record extract that is concerned with the May 18, 1973, hearing. Consequently, we are left with a record confined in its scope to the petition to reopen and the action taken thereon by the Commission and the trial judge.

Md. Rule 1028 mandates that a record extract " . . . shall be copied verbatim . . ." from the record. The noun "record" as used in the rule means the entire file, including pleadings, transcript, judgment appealed, the opinion of the trial judge or the jury charge, if there be a jury, and other allied paper writings. *See* Rule 1026. The parties are not entitled to supplement the record by inserting into their record extract such foreign matter as they may deem advisable. In this connection, we note that the appellants, with the consent of the appellee, on November 26, 1975, filed a motion in this

Court to remand the case to Judge Liss. The reason for the motion, as stated by the movant, was:

\* \* \*

"2. That prior to the subject February 27, 1975 appeal by the Employer and Insurer, an earlier appeal from a prior award of the Commission dated May 18, 1973, had been entered by this claimant in the Superior Court of Baltimore City. At that time, the Commission's entire record was transmitted to and filed in the Superior Court before claimant dismissed his appeal on August 8, 1974. Thus, the entire record of the Commission, including the full transcript, all medical reports submitted at hearings, the awards of the Commission, etc., was filed with the Superior Court of Baltimore City but in a separate appeal file (WCC#A-508418) from that presently before this Honorable Court and is not now included as part of the record presently before this Court. Also omitted from the present record are the legal papers from the earlier appeal, i.e., appeal, answer and subsequent dismissal.

3. That it is believed that Judge Liss, in deciding the subject, case considered the facts contained in the claimant's earlier appeal, which facts were vital to the argument below by the Employer and Insurer and which facts are vital also to the appeal herein. Nevertheless, that part of the Superior Court file referred to in Paragraph #2 above, has not been transmitted to this Court. Those parts of the Commission's record which were not transmitted on March 26, 1975 and May 20, 1975, of course, are not a part of this record. Consequently, even if the parties stipulate to the facts in this case, the subject record will not fully and accurately reflect the matters before the trial judge below.

4. That since the issue of *res judicata* will be a major issue in this appeal, it is necessary to secure a complete record and, furthermore, it is essential

that all of the records before the Workmen's Compensation Commission and all of the records pertaining to the earlier appeal should be presented to this Court. Therefore, the substantial merits of this case cannot be fairly determined by affirming, reversing or modifying the judgment below.

5. That the question now presented before this Court has substantial merit and that the purposes of justice will be advanced by further proceedings to bring before the Court below and before this Court all essential evidence which the Commission and the Superior Court inadvertently omitted from the subject record."

Appellants requested us to " . . . remand this case . . . " and to order the trial " . . . court to conduct further proceedings to amend the pleadings and to introduce additional evidence, so that the merits may be fully presented to the lower court and/or to this . . . Court." Chief Judge Orth denied the appellants' motion. We glean from the denial that the Chief Judge believed, as do we, that appellants had already been afforded their day in the trial court and that they could not use the remand as a vehicle to relitigate their case in an endeavor to "plug the holes" and shore-up its weak foundation. Notwithstanding the denial of the motion, appellants then printed within their record extract material which they had theretofore acknowledged, in the motion to remand, was not in the record. At the expense of repetition, we reiterate that we shall not consider it. The denouement of the issues appellants seek to foist upon us will have to await another day when they are properly raised in the trial court, preserved for appeal, and presented to this Court.

We have previously indicated that we shall consider this appeal as challenging the sufficiency of the evidence. We do so because we think the first part of the compound sentence of the second question raised by appellants, viz: "Did the Commission have sufficient evidence before it to modify and/or adjust a prior award," presents that question squarely to us.

The record reveals that when Siskos testified before the Commission on the petition to reopen, he related to the Commission the increase in pain and immobility to which he was subjected after the award of May, 1973. He described in detail his increased loss of locomotion and the pain he suffered in his chest area. Subsequent to the May, 1973, hearing, Siskos had been examined by an orthopedic specialist whose written report was received into evidence without objection. The report stated that Siskos had an "80 per cent" disability of the right foot and, "[d]isability of the left shoulder, which includes the chest . . . [of] 50 per cent permanent." At the conclusion of the testimony, the Commission suggested that the appellants have Siskos examined by a "chest surgeon." The examination was made and the "chest surgeon[s]" reported that, "More on the grounds of sympathy to . . . [Siskos] than based on medical knowledge, I venture to establish his disability at 10% to his chest wall and 15% to his left shoulder girdle. Both disabilities should be considered as permanent in nature."

As we have said above, Commissioner Paper concluded that Siskos had a 65% loss of use of the right foot and 25% industrial loss of use of his body. Judge Liss reviewed these findings and affirmed the Commission's decision. We cannot say that Judge Liss was clearly erroneous. Md. Rule 1086.

It has been held in a series of cases that the " . . . decision of the Workmen's Compensation Commission is *prima facie* correct and the burden of proving otherwise is upon the party attacking that decision." *Dent v. Cahill,* 18 Md. App. 117, 123, 305 A. 2d 233, 237 (1973). *See ABC Day Care Center, Inc. v. Browne,* 17 Md. App. 470, 302 A. 2d 708 (1973); *William J. Burns Int'l Detective Agency, Inc. v. Ferris,* 16 Md. App. 568, 299 A. 2d 487 (1973); *Holbrook v. G.M. Assembly Division, General Motors Corp.,* 15 Md. App. 425, 291 A. 2d 171 (1972); *Carling Brewing Co. v. Belzner,* 15 Md. App. 406, 291 A. 2d 175 (1972); *Yelton v. Higgins,* 13 Md. App. 599, 284 A. 2d 857 (1971); *Loving Helicopters v. Kaufman,* 13 Md. App. 418, 283 A. 2d 640 (1971); *Winters v. Payne,* 13 Md. App. 327, 283 A. 2d 807 (1971); *Uninsured Employers' Fund v. Merritt,* 13 Md. App. 73, 281 A. 2d 411

(1971). *See also Morris v. Christopher,* 255 Md. 372, 258 A. 2d 172 (1969); *Blake Constr. Co. v. Wells,* 245 Md. 282, 225 A. 2d 857 (1967). Where, however, the attack upon the Commission's findings falls short of meeting the burden that has been thrust upon them by the law or come close to meeting the burden but, nevertheless, leave the mind of the trier of fact in a state of equilibrium, the Commission's findings must be affirmed. *Blake Constr. Co. v. Wells,* 245 Md. at 286; *Dent v. Cahill,* 18 Md. App. at 124.

Judge Liss's comment that appellants have not met their burden and that his mind, as trier of fact, was left in a "state of equal balance," means that under *Blake* and *Dent,* the supplemental award passed by the Commission was properly affirmed.

> *Judgment affirmed.*
> *Costs to be paid by appellants.*