955 A.2d 869 (2008)
181 Md. App. 199
Deborah ROLLINS, et al.
v.
CAPITAL PLAZA ASSOCIATES, L.P.
No. 2011, September Term, 2006.
Court of Special Appeals of Maryland.
September 4, 2008.
*871 Bruce A. Johnson, Bowie (Paul W. Gardner, II, on brief), Baltimore, for appellant.
Lawrence R. Holzman (Timothy F. Maloney, Joseph, Greenwald & Laake, P.A., on brief), Greenbelt, for appellee.
Panel: WOODWARD,[*] SALLY D. ADKINS and[**] J. FREDERICK SHARER (Retired, Specially Assigned), JJ.
WOODWARD, J.
The instant case involves a landlord-tenant dispute between Capital Plaza Associates, L.P. ("Capital Plaza") and Dr. Deborah Rollins ("Dr. Rollins") pertaining to a commercial lease agreement for Dr. Rollins' medical office.[1] Appellant, Dr. Rollins,[2] appeals a judgment of the Circuit Court for Prince George's County in favor of appellee, Capital Plaza, in the amount of $95,000.
As stated in her brief, Dr. Rollins presents the following issues on appeal:
I. Whether the court below erred in its reliance upon the doctrine of res judicata by not allowing any testimony from [Dr. Rollins] regarding evidence of fraud and misrepresentation.

*872 II. Whether the court below erred in concluding that [Dr. Rollins] knowingly agreed to give up her right to a trial by jury.
III. Whether the court below erred in not extending the discovery time period.
IV. Various miscellaneous questions presented:
A. The eviction of Dr. Rollins constitutes a retaliatory eviction prohibited under the laws of real property of Maryland and Prince George's County.
B. The occupancy and hold over penalty was excessive and outrageous and therefore not enforceable.
C. As a matter of public policy, Capital Plaza's lease and contract with Dr. Rollins is voidable because it was signed under economic duress.
D. As a matter of public policy, this lease and its terms are non-enforceable because Capital Plaza's employees were not licensed professionals at the time of the agreement.
E. The outstanding rent and fees claimed by Capital Plaza are not collectible because of the fraudulent conduct of Capital Plaza and furthermore, the amount is not correct.
Because of Dr. Rollins' many and substantial violations of the appellate rules of procedure, we shall exercise our discretion, sua sponte, pursuant to Maryland Rule 8-602(a)(8), and dismiss this appeal.

BACKGROUND
In light of our decision to dispose of the instant appeal on procedural grounds, we shall set forth only a brief summary of the facts to provide context for our discussion.
On July 31, 2001, Dr. Rollins executed a lease and an addendum to the lease (collectively referred to as the "Lease") for approximately 2,010 feet of space in a shopping center owned by Capital Plaza and located in Prince George's County, Maryland. Pursuant to the Lease, the tenancy had a term of five years, beginning on May 1, 2001 and terminating on April 30, 2006. Dr. Rollins leased the premises to operate her medical practice. The Lease contained the following provision: "Landlord's Termination Right: (a) Landlord shall have the right, at any time, for any reason, to terminate this Lease ... by providing ninety (90) days written notice of such election...." (Emphasis in original). Under the Lease, Dr. Rollins had a reciprocal termination right on the same terms and conditions. Additionally, the Lease provided that, if Dr. Rollins did not timely vacate, Dr. Rollins agreed to pay "an occupancy fee" of $1,000 per day, commencing on the day after the termination date and continuing thereafter for each day that she failed to tender possession of the premises to Capital Plaza.
On October 28, 2004, Capital Plaza exercised its right to terminate by giving Dr. Rollins notice of termination of the Lease effective January 27, 2005. Dr. Rollins did not vacate the premises by January 27, 2005. Shortly thereafter, Capital Plaza filed a complaint in the District Court of Maryland for Prince George's County seeking to recover possession of the premises. At a hearing on March 14, 2005, counsel for Capital Plaza informed the court that it had reached an agreement with Dr. Rollins, whereby a judgment for possession would be entered, but the warrant of restitution would not to be executed until after April 5, 2005, if Dr. Rollins did not vacate by that date. Dr. Rollins ultimately vacated on April 5, 2005.
On June 20, 2005, Capital Plaza filed the instant case against Dr. Rollins in the Circuit Court for Prince George's County, *873 alleging breach of contract. Capital Plaza sought to recover $5,199.91 "for unpaid rent ... for the period to December 31, 2004, and $1,772.42, as prorated rent, for the period of January 1, 2005, through the New Termination Date [, January 27, 2005]." In addition to back rent, Capital Plaza sought Occupancy Fees in the amount of $68,000 "accrued for the period from the New Termination Date through April 5, 2005." In total, Capital Plaza alleged damages in the amount of $73,119.98, "representing all Back Rent and Occupancy Fees, including all credits and adjustments."[3]
On August 10, 2005, Dr. Rollins filed an answer, counterclaim, and a jury demand. Dr. Rollins' counterclaim was ultimately dismissed on February 23, 2006. In response to Dr. Rollins' jury demand, Capital Plaza filed a Motion to Strike the Jury Demand[4] on March 9, 2006, which the court granted on May 24, 2006.
A bench trial was held on September 27, 2006. At the conclusion of the trial, the court entered judgment in favor of Capital Plaza in the amount of $95,000.[5] The court stated:
Despite the efforts, frankly, of all sides to expand this beyond what I view it as. This is a fairly simple and straightforward action. A breach of a contract, a breach of a lease and damages flowing therefrom.
It was clear that the parties entered into a lease agreement on July 31, 2001 which contained an addendum and it is admitted as [Capital Plaza's] Exhibit 15. It did provide for a lease term of five years commencing May 1, 2001 and terminating April 30, 2006 subject to the landlord['s] termination right which are set forth in Paragraph 9 of the addendum [to the Lease]. The addendum did provide that the landlord shall have the right at any time for any reason to terminate the lease by providing 90 days written notice of that election by certified mail to the tenant. The  such notice was given and it is contained as [Capital Plaza's] Exhibit 26. Providing for a termination of  on January 27, 2005. And it further provided that in the event there was an early termination there was to be a termination payment according to a schedule and pursuant to that schedule January of 2005, the termination payment of $1,000.00 was proffered. Despite that [Dr. Rollins] did not vacate, but remained on the premises and thus became a tenant holding over.
The [L]ease further provided in the event of the termination of the [L]ease that the  and if the tenant does not timely vacate, the tenant agrees to pay the landlord an occupancy fee of $1,000.00 per day payable weekly in arrears in lieu of the fixed minimum rent for the demise premises. And that's something that she's entitled to. The court finds it to be a term that was agreed to and to be reasonable under the circumstances negotiate by two business people  businesses in this commercial lease agreement.
So [Dr. Rollins]  the tenant is obligated to pay that.
* * *

*874 Frankly the only defense raised at this point, is that the  she was a tenant holding over. Of course, a tenant holding over by the terms of the statute or by the terms of the agreement requires acceptance by the landlord or consent by the landlord and there was no consent in this case. In fact to the contrary, [Capital Plaza] made every effort to  to enforce their rights, including the filing of a tenant holding over action. I don't know  it is dated  the signature on the complaint is February 2. I don't  I can't read, on this copy, the date in which it was filed. Perhaps it is February 5, I think. So it was filed soon thereafter, came on hearing in March and in March there was an agreement that judgment for possession would be entered. The agreement not to execute on that judgment until April 5, is not the same as a consent for her to remain. It simply is an agreement not to have the sheriff go and throw her out, frankly.
There's nothing in here about any agreement that she could remain. Nothing that she would be entitled to be treated as a holdover tenant with the... rent to be anything other than the occupancy of $1,000.00 a day. Nor with regard to the $200.00 is there anything in that regard. No waiver. That's stated there. There must  in the agreement any waiver has to be in writing. There's been no evidence of any writing.
So for those reasons I do find that ... [Capital Plaza] ... is entitled to rent/occupancy fees in the amount of $71,284.00 as against [Dr. Rollins].
The remaining issue is [Capital Plaza's] claim under the [L]ease for  as a prevailing party recovery for the fees for its attorney in such action including the cost of appeal if any in such amounts as the court adjudge reasonable.
* * *
So I'm going to enter [judgment] in favor of [Capital Plaza], against [Dr. Rollins] in the amount of [$95,000.00], which includes the costs, which I think were already billed.
Dr. Rollins timely noted this appeal.

DISCUSSION
"[T]he Maryland Rules `are not guides to the practice of law but precise rubrics established to promote the orderly and efficient administration of justice and... are to be read and followed.'" Green v. State, 127 Md.App. 758, 774, 736 A.2d 450 (1999) (quoting Isen v. Phoenix Assurance Co. of N.Y., 259 Md. 564, 570, 270 A.2d 476 (1970) (internal quotation omitted)). Maryland Rule 8-602(a) provides the grounds upon which this Court can enter an order dismissing an appeal. Its provides in pertinent part:
(a) Grounds. On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:
* * *
(8) the style, contents, size, format, legibility, or method of reproduction of a brief, appendix, or record extract does not comply with Rules 8-112, 8-501, 8-503, or 8-504[.]
Capital Plaza contends that Dr. Rollins, in preparing her brief and record extract, ignored the rules and standards of appellate practice. Specifically, Dr. Rollins' record extract, Capital Plaza argues, was filed in violation of Maryland Rule 8-501(c), because it contains documents that simply do not appear in the record. Capital Plaza notes that Dr. Rollins, in preparing the record extract, improperly included various papers produced during discovery or documents marked as an exhibit at a deposition or bearing trial exhibit labels, but never introduced or admitted at trial before the circuit court. Worse yet, Capital *875 Plaza points out that Dr. Rollins' record extract contains extraneous documents found nowhere in the record and "seen for the first time by Capital Plaza in the [r]ecord [e]xtract itself." Capital Plaza contends that, not only does the record extract contain improper material, but Dr. Rollins relies on facts contained in that improper material as the basis for many of her arguments in this appeal.
Capital Plaza also charges Dr. Rollins with failure to file a brief in compliance with Maryland Rule 8-504(a). Substantial portions of Dr. Rollins' brief, Capital Plaza argues, contain statements of fact not supported by any citation or reference to the record extractor to the record. Instead, Capital Plaza states, Dr. Rollins "relies heavily on facts that are asserted with no reference whatsoever to any source." Furthermore, Capital Plaza contends that Dr. Rollins' brief "contains multi-page sections of prose taken verbatim from appellate opinions without quotation marks or other indication of attribution."
Because of the above violations of the rules of appellate practice in Dr. Rollins' brief and record extract, Capital Plaza asserts that the "evaluation and drafting of a response to [Dr. Rollins'] brief was extremely difficult." To provide this Court with an accurate response to Dr. Rollins' brief, Capital Plaza states that it "was forced to painstakingly create a spreadsheet of every factual proposition in [Dr. Rollins'] [b]rief and then match each proposition with the record." Accordingly, Capital Plaza appended to its brief a version of Dr. Rollins' brief that shows, by the use of strike-out text, those portions of Dr. Rollins' brief that rely upon facts not in the record. Additionally, Capital Plaza attached a similar strike-out version of the table of contents from Dr. Rollins' record extract, "illustrat[ing] how many of the documents included in the [r]ecord [e]xtract should be excluded from consideration by this Court."
We agree with Capital Plaza's contentions that Dr. Rollins committed numerous and substantial violations of several rules of appellate procedure.
We turn first to Rule 8-501(c). It provides:
(c) Contents. The record extract shall contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal and any cross-appeal. It shall include the circuit court docket entries, the judgment appealed from, and such other parts of the record as are designated by the parties pursuant to section (d) of this Rule. In agreeing on or designating parts of the record for inclusion in the record extract, the parties shall refrain from unnecessary designation. The record extract shall not include those parts of the record that support facts set forth in an agreed statement of facts or stipulation made pursuant to section (g) of this Rule nor any part of a memorandum of law in the trial court, unless it has independent relevance. The fact that a part of the record is not included in the record extract or an appendix to a brief shall not preclude an appellate court from considering it.
(Emphasis added).
Dr. Rollins' record extract does not "contain all parts of the record that are reasonably necessary for the determination of questions presented by the appeal." Md. Rule 8-501(c). For example, the record extract does not contain any pleadings from the record related to Dr. Rollins' second issue on appeal  whether the circuit court erred in concluding that Dr. Rollins knowingly agreed to give up her right to a trial by jury. Also absent from the record extract are any documents from *876 the record relating to discovery, despite Dr. Rollins' third issue on appeal  whether the circuit court erred in not extending the discovery time period. Furthermore, Dr. Rollins did not include the circuit court docket entries as clearly mandated by Rule 8-501(c).
Rule 8-501 (c) expressly requires that the record extract "contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal and any cross-appeal." (Emphasis added). "The noun `record' in this rule means `(1) a certified copy of the docket entries in the lower court, (2) the transcript required by Rule 8-411, and (3) all original papers filed in the action in the lower court except a supersedeas bond or alternative security and those other items that the parties stipulate may be omitted.'" Rule 8-413 (emphases added).
Dr. Rollins repeatedly refers this Court to documents contained in the record extract that are not part of the record.[6] Our review of Dr. Rollins' record extract and the record received from the circuit court indicates that at least fifty documents in the record extract, some of which were not even listed in the table of contents, are not part of the record. Dr. Rollins is "not entitled to supplement the record by inserting into [the] record extract such foreign matter as [she] may deem advisable." Community Realty Co. v. Siskos, 31 Md.App. 99, 102, 354 A.2d 181 (1976). Such documents do not form a legitimate portion of the record compiled in the trial court, and we cannot consider them.[7]
We next consider Rule 8-504(a). It provides in pertinent part:
(a) Contents. A brief shall comply with the requirements of Rule 8-112 and include the following items in the order listed:
* * *
(4) A clear concise statement of the facts material to a determination of the questions presented, except that the appellee's brief shall contain a statement of only those additional facts necessary to correct or amplify the statement in the appellant's brief. Reference shall be made to the pages of the record extract supporting the assertions. If pursuant to these rules or by leave of court a record extract is not filed, reference shall be made to the pages of the record or to the transcript of testimony as contained in the record.
(5) Argument in support of the party's position.
(Emphasis added).
Dr. Rollins' brief fails to comply with Rule 8-504(a)(4). In composing a statement of facts, Dr. Rollins failed to provide sufficient reference to pages in the record extract supporting the facts asserted. Large portions of Dr. Rollins' brief are simply left unsupported by any citation whatsoever. In the brief's Statement of *877 Facts, 47 out of 92 statements of fact have no reference to pages in the record extract or to any part of the record. Likewise, the brief's Procedural History contains 15 out of 22 statements of procedural facts without citation to the record extract or the record. As this Court has stated, "[w]e cannot be expected to delve through the record to unearth factual support favorable to [the] appellant." von Lusch v. State, 31 Md.App. 271, 282, 356 A.2d 277 (1976), rev'd on other grounds, 279 Md. 255, 368 A.2d 468 (1977) (internal quotation omitted). We refuse to do so here.
In parts of her brief, Dr. Rollins similarly violates Rule 8-504(a)(5) by failing to provide any legal authority for her contentions. See Kramer v. Mayor & City Council of Baltimore, 124 Md.App. 616, 634, 723 A.2d 529 (refusing to address the appellant's contention because the appellant violated Rule 8-504(a)(5) by failing to support his contention with citation to legal authority and argument), cert. denied, 354 Md. 114, 729 A.2d 405 (1999). For instance, Dr. Rollins argues that Capital Plaza cannot collect outstanding rent and fees from her because, inter alia, Capital Plaza's conduct was fraudulent. Dr. Rollins argues:
Amounts in debt are not collectible when fraudulent behavior is present. Given [Capital Plaza's] previous inconsistent behaviors in rent collection and then the sudden eviction, [Capital Plaza's] behaviors are nothing short of harassment. Furthermore, [Capital Plaza] had already begun negotiations with Wal-Mart at the time it was requesting Daily Occupancy Fees of One Thousand Dollars from [Dr. Rollins].
In so stating, Dr. Rollins cites to no controlling law in support of her position. Moreover, Dr. Rollins provides this Court with no reference to the pages of the record supporting the factual assertions quoted in the above passage, including the references to appellee's "fraudulent behavior," "previous inconsistent behaviors," "sudden eviction," or "negotiations with Wal-Mart." Not only will we not delve through the record to unearth factual support for Dr. Rollins, but we also will not "seek out law to sustain [her] position." von Lusch, 31 Md.App. at 285, 356 A.2d 277 (internal quotation omitted) (emphasis added).[8]
Finally, we note that Dr. Rollins never filed a motion requesting leave to file a brief over 35 pages. Maryland Rule 8-503(d) states that "[e]xcept as otherwise provided in section (e) of this Rule or with permission of the Court, a brief of the appellant ... shall not exceed 35 pages in the Court of Special Appeals...." Despite never requesting permission from this Court, Dr. Rollins filed a 44-page brief.
We recognize that dismissing an appeal on the basis of an appellant's violations of the rules of appellate procedure is considered a "drastic corrective" measure. Brown v. Fraley, 222 Md. 480, 483, 161 A.2d 128 (1960). We also are mindful that reaching a decision on the merits of a case "is always a preferred alternative." Joseph v. Bozzuto Mgmt. Co., 173 Md.App. 305, 348, 918 A.2d 1230 (2007). This Court will not ordinarily dismiss an appeal "in the absence of prejudice to appellee or a deliberate violation of the rule." Id. (emphasis omitted). The instant appeal, however, presents us with many and substantial violations *878 of the appellate rules of procedure that have clearly caused needless difficulty (1) to Capital Plaza in addressing the merits of Dr. Rollins' appellate issues, as well as the additional time and expense in bringing these violations to our attention, and (2) to this Court in determining what documents are or are not in the record and where supporting facts are located in the record. Any one of Dr. Rollins' violations alone may not warrant dismissal. In combination, however, her violations represent a complete disregard of the rules of appellate practice. Therefore, we agree with Capital Plaza that "[t]he contents of Dr. Rollins' brief and the [r]ecord [e]xtract are so far removed from the boundaries of the rules and acceptable appellate practice that they are an affront to the process." Accordingly, we shall dismiss Dr. Rollins' appeal pursuant to Rule 8-602(a)(8).[9]
APPEAL DISMISSED; APPELLANTS TO PAY COSTS.
NOTES
[*] Sally D. Adkins, now serving on the Court of Appeals, participated in the hearing and conference of this case while an active member of this Court; she participated in the adoption of this opinion as a specially assigned member of this Court.
[**] Sharer, J. Frederick, J., participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption of this opinion as a retired, specially assigned member of this Court.
[1] The tenant under the lease is Dr. Rollins' professional corporation, Deborah Rollins, M.D., P.C. Dr. Rollins, individually, is a guarantor on the lease.
[2] Both Dr. Rollins and Deborah Rollins, M.D., P.C. are appellants in the case sub judice. As used in this opinion, "Dr. Rollins" refers to both appellants.
[3] In its complaint, Capital Plaza acknowledged that Dr. Rollins was entitled to credit for one payment made prior to the termination date, in the amount of $1,835.00, and credit for "other accounting balances" in the amount of $17.35.
[4] Capital Plaza based its motion on the jury trial waiver provision in the Lease. Dr. Rollins filed no opposition to Capital Plaza's motion.
[5] This amount included attorney's fees and other costs.
[6] For instance, Dr. Rollins bases her argument relating to one of the issues presented on appeal on a Forbearance and Partial Settlement Agreement. This Agreement never appears anywhere in the record.
[7] Although we emphasize that the record extract contains extraneous documents found nowhere in the record and seen for the first time on appeal, we acknowledge and agree with Capital Plaza that Dr. Rollins also included in the record extract numerous documents that are in the record as provided to this Court, but were never admitted at the trial before the circuit court. Such documents are not part of the "record" on appellate issues relating to the court's rulings during the trial, and therefore, Dr. Rollins' reliance on them in her brief is also improper.
[8] In portions of her brief, Dr. Rollins quotes or describes legal principles but provides no citation directing this Court to any supporting legal authority. Also, in arguing that Capital Plaza's eviction constituted a retaliatory eviction, Dr. Rollins cites to Maryland Code, § 8-208.1 of the Real Property Article. That section, however, deals only with residential leases, not commercial leases, and thus is clearly inapplicable to the instant case.
[9] Notwithstanding our decision to dismiss this appeal for the many and substantial violations of appellate procedure, we conclude that there is no merit to any of the questions raised by Dr. Rollins in this appeal.